UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SYSTEMATIC POWER SOLUTIONS, LLC, d/b/a "XS POWER," <br><br> Plaintiff, <br><br> v. <br><br> FULLRIVER BATTERY MANUFACTURE CO., LTD., and FULLRIVER INDUSTRY CO., LTD., <br> Defendants. | No.: 3:19-CV-277-KAC-DCP |

## ORDER ADOPTING REPORT & RECOMMENDATION AND ENJOINING DEFENDANTS

Before the Court is United States Magistrate Judge Debra C. Poplin's "Report and Recommendation" ("Report") entered on August 18, 2023 [Doc. 80]. The Court previously referred Plaintiff Systematic Power Solutions, LLC's (1) "Motion for Entry of Default Judgment and For Hearing to Determine Plaintiff's Damages," [Doc. 53]; (2) "Motion to Voluntarily Dismiss Certain Claims," [Doc. 69]; (3) "Motion to Recover Attorneys' Fees and Costs," [Doc. 74]; and (4) "Supplement to Plaintiff's Motion for Entry of Default Judgment and Motion for Permanent Injunction" [Doc. 77] to Judge Poplin for her consideration [*See* Docs. 54, 73, 76, 78]. Because the motions are related, Judge Poplin addressed each of these motions in the Report.

*First*, the Report recommends that the Court grant Plaintiff Systematic Power's "Motion to Voluntarily Dismiss Certain Claims" [Doc. 69] and dismiss Plaintiff's counterclaims six, ten, twelve, thirteen, and fourteen without prejudice under Federal Rule of Civil Procedure 21 [*See* Doc. 80 at 49]. *Second*, the Report recommends that the Court grant in part and deny in part Systematic Power's "Motion for Entry of Default Judgment and For Hearing to Determine

Plaintiff's Damages" [Doc. 53] and adjudge Defendants Fullriver Battery Manufacture Co., LTD. and Fullriver Industry Co., LTD. (collectively Defendants or "Fullriver") liable for (1) counterclaim one breach of contract; (2) counterclaims two and seven trade dress infringement in violation of 15 U.S.C. § 1125(a) and common law; (3) counterclaims four and eight unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and common law; (4) counterclaim five false advertising in violation of 15 U.S.C. § 1125(a); (5) counterclaim nine conversion; and (6) counterclaim eleven violation of the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-101, *et seq.* [*See* Doc. 80 at 48-49]. ***Third***, the Report recommends that the Court award Plaintiff $250,000 in compensatory damages for counterclaim nine conversion and further award it ten percent (10%) prejudgment interest on this amount from July 17, 2019, through April 13, 2020 (271 days) and then from March 31, 2022, to entry of judgment [*See id.* at 49]. ***Fourth***, the Report recommends that the Court award Plaintiff $750,000 in punitive damages for counterclaim nine conversion [*See id.*]. ***Fifth***, the Report recommends that the Court grant Plaintiff's "Motion to Recover Attorneys' Fees and Costs" [Doc. 74] and award Plaintiff $80,695.50 in attorney's fees and $396.72 in costs [Doc. 80 at 49]. ***Finally***, the Report recommends that the Court grant in part and deny in part Plaintiff's "Motion for Permanent Injunction" [Doc. 77] and enter a modified proposed injunction [*See* Doc. 80 at 49]. Neither Party has objected to the Report, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

After reviewing the record, the Court **ACCEPTS** and **ADOPTS** Judge Poplin's Report [Doc. 80] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). And The Court **ORDERS** as follows:

2

I.  The Court **GRANTS** Plaintiff Systematic Power Solutions, LLC's "Unopposed Motion to Voluntarily Dismiss Certain Claims" [Doc. 69] and **DISMISSES** counterclaims six, ten, twelve, thirteen, and fourteen without prejudice;

II.  The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff Systematic Power Solutions, LLC's "Motion for Default Judgment and For Hearing to Determine Plaintiff's Damages" [Doc. 53];

   A. The Court **GRANTS** Plaintiff default judgment and **ADJUDGES** Fullriver Battery Manufacture Co., LTD. and Fullriver Industries Co., LTD. liable for (1) counterclaim one breach of contract; (2) counterclaims two and seven trade dress infringement in violation of 15 U.S.C. § 1125(a) and common law; (3) counterclaims four and eight unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and common law; (4) counterclaim five false advertising in violation of 15 U.S.C. § 1125(a); (5) counterclaim nine conversion, and (6) counterclaim eleven violation of the Tennessee Consumer Protection Act;

   B. The Court **DENIES** Plaintiff default judgment with respect to counterclaim three trade dress dilution in violation of 15 U.S.C. § 1125(c);

III.  The Court **AWARDS** Plaintiff Systematic Power Solutions LLC damages:

   A. $250,000 in compensatory damages for counterclaim nine conversion and ten percent (10%) prejudgment interest on this amount beginning on July 17, 2019, through April 13, 2020 (271 days) and then from March 31, 2022, to September 12, 2023, and

   B. $750,000 in punitive damages for counterclaim nine conversion;

**IV.** The Court **GRANTS** Plaintiff Systematic Power Solutions LLC's "Motion to Recover Attorneys' Fees and Costs" [Doc. 74] and **AWARDS** Plaintiff $80,695.50 in attorney's fees and $396.72 in costs; and

**V.** The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff Systematic Power Solutions LLC's "Motion for Permanent Injunction" [Doc. 77] as set forth below,

    **A.** The Court **PERMANENTLY ENJOINS** and **RESTRAINS** Defendants Fullriver Battery Manufacture Co., LTD. and Fullriver Industries Co., LTD. and their respective officers, employees, agents, servants, successors, assigns, and all persons acting in concert or participation with any of them (collectively, the "Enjoined Parties"), from undertaking or engaging, directly or indirectly, in any of the following activities:

        i. Designing, developing, manufacturing, producing, importing, exporting, distributing, selling, offering for sale, advertising, displaying, or otherwise promoting or offering for sale any batteries or battery products (including, without limitation, the "Full Throttle" line of batteries) that imitate, replicate, or otherwise infringe upon Plaintiff's trade dress;

       ii. Representing or implying, directly or indirectly, to any current or potential retailers, customers, or distributors, that Defendants' battery products (including, without limitation, the "Full Throttle" line of battery products) are in any manner: (i) designed, developed, engineered or manufactured by Plaintiff; (ii) manufactured at the same facility or using the same tooling as Plaintiff's batteries; (iii) associated or

4

affiliated (directly or indirectly) with Plaintiff; or (iv) otherwise endorsed or sponsored by Plaintiff;

    iii. Engaging in any other act or conduct that is likely to cause confusion, deception, or mistake, or that otherwise damages XS Power's goodwill associated with its trade dress; or

    iv. Assisting, aiding, or abetting any other Enjoined Party or any third party in engaging in or performing any of the activities enjoined above.

**B.** For purposes of this permanent injunction, the Plaintiff's trade dress refers to the distinctive image and appearance of the "XS Power" line of battery products, which makes the source of the batteries readily distinguishable to consumers and which Plaintiff has achieved by using combinations of some or all of the following non-functional design elements on the battery enclosures (or "housings") on the XS Power batteries:

    i. Contrasting color scheme consisting of a white (or light gray) colored top lid affixed to a dark gray lower housing;

    ii. Smoothed and/or beveled edges and corners on the battery housing;

    iii. A high-quality "sticker" type label covering substantially all of the front face (and on some models, the rear face) of the lower housing that feature the particular colors and similar graphics on the XS Power battery models;

    iv. On most XS Power battery models, a similar "sticker" type label affixed to the top lid which is custom-sized and uniquely shaped to match the shape and contours of the lid;

v. On certain XS Power battery models, a "waffle" and/or "lattice" texture molded into the right and left faces of the lower housing;

vi. On certain XS Power battery models, a molded impression of the stylized "XS POWER" logo (USPTO Reg. No. 3433740) on the right and left faces of the lower housing; and

vii. On certain XS Power battery models, a recessed groove molded into the long edge of the top lid.

viii. The foregoing design elements comprising Plaintiff's trade dress are generally depicted by the following picture:



C. The Enjoined Parties **SHALL** take all necessary steps to bring their battery products (including, without limitation, the "Full Throttle" line of batteries) into compliance with this injunction within sixty (60) days of the date of this order.

D. Failure to comply with the terms of this injunction **SHALL** subject the Enjoined Parties to penalties for contempt as prescribed by law.

6

**E.** This injunction **SHALL** be effective immediately upon entry of this order.

IT IS SO ORDERED.

*/s/ Katherine A. Crytzer*
KATHERINE A. CRYTZER
United States District Judge

7

Case 3:19-cv-00277-KAC-DCP   Document 82   Filed 09/12/23   Page 7 of 7   PageID #: 690